IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFFREY K. JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-04-626-C |
| ) | |
| ALBERTO GONZALES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed the present action asserting claims for racial and gender discrimination, retaliation and state law tort claims for slander and defamation. Plaintiff was employed as an FBI agent. During his employment, Plaintiff filed several EEO complaints arguing various actions were taken against him in a discriminatory manner. Some of these complaints were resolved through the administrative process. Relevant to Plaintiff's claims here are the charges filed in 1999 and 2000. Although several of the acts complained of in those charges occurred well outside the limitations period, Plaintiff argues they should be considered as part of a continuing violation. Ultimately, Plaintiff was terminated from employment based on an independent determination that he had lied during testimony before a grand jury. Plaintiff argues his termination was in retaliation for engaging in protected activity. Defendant filed the present motion arguing the undisputed facts entitle him to judgment. Plaintiff responds arguing a dispute of material fact exists and that this matter should proceed to trial.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## **ANALYSIS**

Plaintiff complains of the following acts in support of his claims of discriminatory conduct:

In 1992 he reported the presence of racially offensive material at the Oklahoma City office of the ATF; in 1993, while he was acting as an EEO instructor, Messrs. Baker, Weber, and Ricks refused to attend mandatory training; in 1994, Mr. Baker made racists comments; in 1994, Plaintiff applied for an EEO counselor position but that position was given to another person allegedly because Plaintiff was a troublemaker; in 1995, Mr. Baker contacted the Office of Professional Responsibility (OPR) about statements allegedly made by Plaintiff; in 1995, Plaintiff was accused of mishandling evidence, Mr. Bogner contacted the OPR who responded that it was a performance issue; in 1995, Plaintiff and another employee were reassigned due to mishandled evidence; in 1997, another employee was given an assignment sought by Plaintiff and that employee was permitted to remain on the SWAT team while assigned to the Special Operations Group (SOG). Plaintiff was assigned to the SOG but told he could not remain on the SWAT team; in 1999, Plaintiff was questioned about mishandling evidence in the Trentadue case,[1] while another employee kept her job despite mishandling more than 1,000 pieces of evidence.

1.  Disparate impact

---

[1] The Trentadue case involved the death of an inmate at the Federal Transfer Center in Oklahoma City, Oklahoma. A civil rights case was filed by the inmate's family who believed Mr. Trentadue had been murdered by either another inmate or staff of the FTC. Additional details of the Trentadue case may be found at Estate of Trentadue ex rel. Aguilar v. United States, 397 F.3d 840 (10th Cir. 2005).

As Defendant notes, Plaintiff's 1994 and 1995 complaints about the actions of Mr. Baker are barred from consideration here as they were resolved in a prior administrative proceeding. To the extent they were not resolved as part of an earlier administrative action, the 1992 and 1993 claims are time-barred as Plaintiff failed to bring an action in court within the time limits prescribed by law.[2] See 42 U.S.C. § 2000e-16(c) (requiring civil action be filed within 90 days of receipt of notice of final action). The 1997 complaint regarding the SWAT team and the SOG and the failure to receive a desired position are likewise time-barred as Plaintiff did not raise the issue with the EEO office until March 1, 1999. See Exh. 1, Dkt. No. 58. Pursuant to 29 C.F.R. § 1614.105(a)(1):

> Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.
>
> (1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.[3]

Thus, the only claims which Plaintiff has properly reserved for consideration by the Court are the alleged disparate treatment between himself and another employee who had also

---

[2] It is unclear from the parties' briefs whether an administrative complaint was filed on these matters. However, it is clear that the time for processing any such claim would have expired far in excess of 90 days before Plaintiff filed the present action.

[3] Although § 1614.105(a)(2) permits a 45-day extension, Plaintiff's claims were more than a year old when raised.

allegedly mishandled evidence and the claim of retaliation by termination for engaging in protected activity.[4]

The claim of disparate treatment must fail as Defendant has offered facts demonstrating there was no disparate treatment.  Plaintiff's response relies solely on conjecture and speculation.  Plaintiff's sole responsive allegation is:  "In March 1999, when Plaintiff was on Temporary Duty (TDY) Plaintiff was informed that ECT Colvin was still in her position and she had mishandled over 1,000 pieces of evidence from 1995 until 1999." (Pl.'s Resp. to Def.'s Mot. for Summ. J., p. 4, Dkt. No. 57.)  Plaintiff fails to identify the source for this information, nor does he provide any basis on which the validity of the statement can be measured.  In short, Plaintiff's assertion is nothing more than conjecture or speculation and thus insufficient to defeat a motion for summary judgment.  See Bones v. Honeywell Int'l, Inc., 366 F.3d 869, 875 (10th Cir. 2004) ("Unsubstantiated allegations carry no probative weight in summary judgment proceedings.  To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise.") (citations omitted).

2.  Termination

---

[4] To the extent Plaintiff argues that all incidents must be considered timely because they are part of a continuing violation, his argument fails in light of the Supreme Court's ruling in National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002), which required a timely filing for each discrete act of discriminatory conduct.  Id. at 114.  However, to the extent Plaintiff is pursuing a hostile environment claim all acts must be considered without regard to their timeliness as long as at least one act occurred within the limitations period.  Id. at 117-18.

Turning to Plaintiff's claim that he was terminated in retaliation for engaging in protected activity or that his termination was a discriminatory act, Plaintiff offers neither evidence nor argument of direct discrimination; therefore, his claims must be analyzed under the familiar McDonnell Douglas[5] framework. Perry v. Woodward, 199 F.3d 1126, 1135 (10th Cir. 1999) (recognizing application in Title VII and § 1981 claims). Application of that analytical framework is a multi-step task.

> A plaintiff relying on McDonnell Douglas bears the initial burden of establishing a prima facie case by a preponderance of the evidence. . . . If the plaintiff establishes [his] prima facie case, a rebuttable presumption arises that the defendant unlawfully discriminated against [him]. The defendant must then articulate a legitimate, nondiscriminatory reason for the adverse employment action suffered by the plaintiff. If the defendant is able to articulate a valid reason, the plaintiff can avoid summary judgment only if [he] is able to show that a genuine dispute of material fact exists as to whether the defendant's articulated reason was pretextual.

Perry, 199 F.3d at 1135 (citations omitted). To simplify the issue, it will be assumed that Plaintiff has established a prima facie case, though that fact is far from certain even when the evidence is viewed in the light most favorable to Plaintiff. Defendant has now come forward with a non-discriminatory basis for Plaintiff's termination, namely that Plaintiff lied to the grand jury. The burden then shifts back to Plaintiff to offer evidence from which a reasonable jury could find Defendant's action was pretextual. Plaintiff can establish pretext by showing "either 'that a discriminatory reason more likely motivated the employer . . . or that the employer's proffered explanation is unworthy of credence.'" Rea v. Martin Marietta

---

[5] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Corp., 29 F.3d 1450, 1455 (10th Cir. 1994) (quoting Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981)). "Where . . . plaintiff seeks to demonstrate that the employer's explanation is merely a pretext, this court 'requires a showing that the tendered reason for the employment decision was not the genuine motivating reason, but rather was a disingenuous or sham reason.'" McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1129 (10th Cir. 1998) (quoting Reynolds v. Sch. Dist. No. 1, Denver, 69 F.3d 1523, 1535 (10th Cir. 1995)). Here, Defendant was provided with a report from the Department of Justice Office of the Inspector General (OIG).[6] That report determined that Plaintiff had made a false statement while testifying under oath to the grand jury. After notifying Plaintiff of these findings and providing him an opportunity to respond, Defendant, based on the OIG findings, terminated Plaintiff's employment. Plaintiff has failed to offer any evidence that this was not the actual reason behind his termination. Rather, Plaintiff argues that the OIG report was in error or that he was treated differently from other similarly situated employees. Plaintiff's arguments are without merit. Whether or not the OIG report was correct is not dispositive of the question of pretext. See Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1231 (10th Cir. 2000) ("'[A] mistaken belief can be a legitimate reason for an employment decision and is not necessarily pretextual.'") (quoting EEOC v. Flasher Co. Inc., 986 F.2d 1312, 1322 n.12 (10th Cir. 1992). Rather, there must be some evidence that shows

---

[6] The Office of Inspector General is independent of the F.B.I. and reports to and is responsible to only the head of the department which in this case is the Department of Justice. See 5 U.S.C. App. 3, § 1, *et seq*.

the reliance on the mistaken belief was used to cover a discriminatory motive. Plaintiff has failed to make any such showing. As for the difference in treatment, the employee Plaintiff uses for comparison was accused of mishandling evidence, not lying under oath. Thus, she was not similarly situated to Plaintiff. Consequently, Defendant is entitled to judgment on Plaintiff's claims.

3. Hostile Environment

Even when all of Plaintiff's complaints are considered, including those which were found time-barred under the previous section, Plaintiff's claim of racial discrimination premised on the creation of a hostile environment fails.

For Plaintiff to establish a prima facie case of hostile environment:

> "[T]he conduct must be sufficiently severe or pervasive enough to alter the conditions of the victim's employment and create an abusive working environment." [Bolden v. PRC Inc., 43 F.3d 545,] at 550-51 [(10th Cir. 1994).] (internal quotation marks and brackets omitted). In addition, the plaintiff must show that "the harassment was racial or stemmed from racial animus," id. at 551, and that she "subjectively perceive[d] the environment to be abusive," Harris v. Forklift Systems, Inc., 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993).

Smith v. EEOC, 180 Fed. Appx. 14, 18 (10th Cir. 2006).[7] Even when viewed in the light most favorable to Plaintiff, the evidence before the Court fails to establish an environment which contained either severe or pervasive acts. Further, Plaintiff has failed to offer any evidence from which a reasonable jury could find any harassment he suffered was racially

---

[7] Although Smith is unpublished and therefore lacks precedential value, the quoted material is precedential and Smith is cited only for its organization of the other material. See Fed. R. App. P. 36.3(A).

8

motivated. Thus, even when all complaints are considered on their merits, Plaintiff's case cannot survive summary judgment. See Celotex Corp., 477 U.S. at 322 (To avoid summary judgment, the nonmovant must make a showing sufficient to establish an inference of the existence of each element essential to the case.).

4.  Other Issues

Plaintiff's claims of post-termination discriminatory actions must fail as even when viewed in the light most favorable to him, Plaintiff's evidence fails to demonstrate actionable conduct under Title VII. Plaintiff asserts state law-based claims for defamation based on statements made during a newscast and/or radio show. To establish a claim for defamation under Oklahoma law:

> In order to recover for defamation, a private figure must prove (1) a false and defamatory statement, (2) an unprivileged publication to a third party, (3) fault amounting at least to negligence on the part of the publisher; and (4) either the actionability of the statement irrespective of special damage, or the existence of special damage caused by the publication.

Mitchell v. Griffin Television, L.L.C., 2002 OK CIV APP 115, ¶ 5 60 P.3d 1058, 1061. Review of the allegedly defamatory statements fails to demonstrate they are actionable in and of themselves. Plaintiff thus became obligated to offer facts demonstrating the existence of special damage caused by the publication of the statements. Plaintiff has failed to offer any such evidence.

Finally, Plaintiff mentions at various places Defendant's failure to comply with discovery. To the extent Plaintiff's argument could be considered an attempt to invoke

Fed. R. Civ. P. 56(f), his argument must fail.  In addressing the requisites for a proper Rule 56(f) request the Tenth Circuit stated:

> A prerequisite to granting [Rule 56(f)] relief, however, is an affidavit furnished by the nonmovant.  <u>Pasternak v. Lear Petroleum Exploration, Inc.</u>, 790 F.2d 828, 832 (10th Cir. 1986).  Although the affidavit need not contain evidentiary facts, it must explain why facts precluding summary judgment cannot be presented. 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2740 at 530 (1983).  This includes identifying the probable facts not available and what steps have been taken to obtain these facts.  *See* 6 *Moore's Federal Practice* ¶ 56.24.  In this circuit, the nonmovant also must explain "how additional time will enable him to rebut movant's allegations of no genuine issue of fact."  *See* <u>Meyer v. Dans un Jardin, S.A.</u>, 816 F.2d 533, 537 (10th Cir. 1987); <u>Patty Precision [v. Brown & Sharpe Mfg. Co.]</u>, 742 F.2d [1260] at 1264 [(10th Cir. 1984)].

<u>Committee for First Amendment v. Campbell</u>, 962 F.2d 1517, 1522 (10th Cir. 1992).  Plaintiff's side comments in his brief regarding the failure to cooperate in discovery do not satisfy these requirements.  Accordingly, to the extent Plaintiff sought to invoke Fed. R. Civ. P. 56(f), his request is denied.

**CONCLUSION**

For the reasons set forth herein, Defendant's Motion for Summary Judgment (Dkt. No. 39) is GRANTED. A separate judgment will issue. All motions which remain pending in this matter are STRICKEN as moot.

IT IS SO ORDERED this 25th day of September, 2006.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge